**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
SHELDON JACKSON, on behalf of himself and  :
all others similarly situated,  :
:
:
Plaintiff,  :  Civil Action No.
:
vs.  :  **CLASS ACTION COMPLAINT AND**
:  **JURY TRIAL DEMAND**
SOURCE RECEIVABLES MANAGEMENT  :
LIMITED LIABILITY COMPANY,  :
:
Defendant.  :
―――――――――――――――――――――X

**PRELIMINARY STATEMENT**

1.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, SOURCE RECEIVABLES MANAGEMENT LIMITED LIABILITY COMPANY ("SOURCE RM") and its employees, agents and successors violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. SOURCE RM maintains a location at 4615 Dundas Drive, Suite 102, Greensboro, NC 27407.

7. SOURCE RM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. SOURCE RM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the

"Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

10. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from SOURCE RECEIVABLES MANAGEMENT LIMITED LIABILITY COMPANY (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period is from January 19, 2019 to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.
>
> b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class

member. These common questions of law and fact include, without limitation:

    i. Whether the Defendant violated various provisions of the FDCPA;

    ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not

otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to June 19, 2019, Plaintiff allegedly incurred a financial obligation to SPRINT.

19. Plaintiff allegedly incurred the SPRINT obligation in connection with respect to telecommunication services.

20. The SPRINT obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the SPRINT obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The SPRINT obligation did not arise out of a transaction that was for non-personal use.

23. The SPRINT obligation did not arise out of a transaction that was for business use.

24. The SPRINT obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. SPRINT and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before January 19, 2019, the SPRINT obligation was referred to SOURCE RM for the purpose of collection.

27. At the time the SPRINT obligation was referred to SOURCE RM the SPRINT obligation was past due.

28. At the time the SPRINT obligation was referred to SOURCE RM the SPRINT obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendant caused to be delivered to Plaintiff a letter dated January 19, 2019, which was addressed to Plaintiff and sought a balance of $1,695.40 on the SPRINT obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The January 19, 2019 letter was sent to Plaintiff in connection with the collection of the SPRINT obligation.

31. The January 19, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The January 19, 2019 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the January 19, 2019 letter.

33. Upon receipt, Plaintiff read the January 19, 2019 letter.

34. The January 19, 2019 letter stated in part:

> **Single Payment Settlement Option:**
> Take $847.70 off the balance. Pay $847.70 no later than 03/03/19.
> Your account will be considred "Settled in Full" after we post your payment.
>
> **3 Monthly Payment Plan:**

> Take $678.16 off the balance. Pay over 3 equal monthly installments of $339.08. First payment due no later than 03/03/19. Your account will be consdiered "Settled in Full" after wee post your final payment.
>
> **Balance in full Payment Plan:**
> Pay as little as $100.00 per month. First payment due no later than 03/03/19. Your account will be considered "Paid in Full" once the account reaches a zero balance.
>
> . . .
>
> **We are not obligated to renew this offer.**  (Emphasis added)

35. The January 19, 2019 letter also provides:

> This is an attempt to a debt by a debt collector and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

36. This notice is mandated by 15 U.S.C. 1692g(a)(1) through (5) ("Validation Notice").

37. Immediately prior to providing the Validation Notice, the January 19, 2019 letter stated:

> ACH DISCLOSURE: **When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account** or to process the payment as a check transaction. **When information from your check is used to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive**

>**your check back from your financial institution.** (emphasis added)

38.     Defendant's request for payment within the "30 day dispute period" coupled with the "warning" that checks would be deposited immediately and not returned without explaining that its demand did not override the consumer's right to dispute ("Reconciling Statement") rendered the Validation Notice ineffective.

39.     Without the inclusion of a "Reconciling Statement", Defendant's letter violates the FDCPA as it overshadows and renders the Validation Notice ineffective.

40.     Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

41.     "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

42.     Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA. If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified? If Plaintiff and others similarly situated disputed

the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

43. Defendant's January 19, 2019 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

44. SOURCE RM knew or should have known that its actions violated the FDCPA.

45. Additionally, based upon information and belief, Plaintiff does not owe the debt which is the subject of the January 19, 2019 collection letter.

46. The Collection Letter indicates that the account is for "Sheldon B Jackson." However, this is not Plaintiff's name, which is "Jackson B Sheldon."

47. Thus, the Collection Letter seeks to collect a debt from Plaintiff that he is not legally obligated to pay.

48. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

49. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

50. Defendant has sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS**

51. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

52. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

53. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

54. Defendant's letters would cause the least sophisticated consumer to be confused about his or her right to dispute the debt in light of with Defendant's demand for payment within the "30 day dispute period".

55. Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

56. Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

57. Defendant violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

58. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

59. Defendant violated 15 U.S.C. § 1692e(2) since the subject debt was not incurred by Plaintiff.

60. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61. Defendant violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

62. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3) and (4).

63. Defendant's conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

64. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

68. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69. Plaintiff has suffered damages and other harm as a direct result of Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

  (d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: Rutherford, New Jersey
   January 19, 2020

         Respectfully submitted,

         By: s/ Lawrence C. Hersh
          Lawrence C. Hersh, Esq.
          17 Sylvan Street, Suite 102B
          Rutherford, NJ  07070
          (201) 507-6300
          *Attorney for Plaintiff*

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 19, 2020            By: <u>s/ Lawrence C. Hersh</u>
                                                        Lawrence C. Hersh, Esq

# EXHIBIT A

**Source RM**
4615 Dundas Drive, Suite 102
Greensboro, NC 27407
1-877-251-3780

Office Hours:
Mon - Tues 8:00AM - 9:00PM EST
Wed - Fri 8:00AM to 5:00PM EST

Street Address: Source RM • 4615 Dundas Drive, Suite 102 • Greensboro • NC • 27407

January 19, 2019



You currently owe $1,695.40
Original Creditor: SPRINT
You DO Have Options!


ACA INTERNATIONAL
The Association of Credit and Collection Professionals
Member

SPRINT has placed your account with Source Receivables Management to recover the Amount Due referenced in this letter. There are multiple options available to you.

**1. Single Payment Settlement Option:**
Take $847.70 off the balance. Pay $847.70 no later than 03/03/19. Your account will be considered "Settled in Full" after we post your payment.

**2. 3 Monthly Payment Plan:**
Take $678.16 off the balance. Pay over 3 equal monthly installments of $339.08. First payment due no later than 03/03/19. Your account will be considered "Settled in Full" after we post your final payment.

**3. Balance in full Payment Plan:**
Pay as little as $100.00 per month. First payment due no later than 03/03/19. Your account will be considered "Paid in Full" once the account reaches a zero balance.

Please contact us if you have any questions. There may be other options available. We are not obligated to renew this offer.
Source Receivables Management
1-877-251-3780

ACH DISCLOSURE: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When information from your check is used to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon you written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Payment of the offered settlement amount will stop collection activity on this matter. We will inform Sprint once the payment(s) is/are posted. Payment of the settlement amount will not restore your service with Sprint. If you wish to re-establish service with Sprint at a future date, Sprint may require partial or full payment of your remaining balance at that time, according to Sprint's credit policy.

Please note that a negative credit bureau record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. This in no way affects any rights you may have.

### Account Summary

| | |
|---|---|
| **Original Creditor** | SPRINT |
| **Original Creditor Acct #** | 1173 |
| **SRM Account #:** | 7843 |
| **Account of** | Jackson B Sheldon |
| **Current Creditor** | SPRINT |
| **Amount Due:** | $1,695.40 |

### Payment Options

**Payments by Phone**
Toll Free: **1-877-251-3780**

**Payments by Mail**
Source Receivables Management
P.O. Box 4068
Greensboro, NC
27404-4068

Please include account # with your payment

**Payments Online**
www.paysourcerm.com

**Scan & Pay From Your Phone**



Please contact us if you have any questions. There may be other options available.

TO ENSURE PROPER CREDIT TO YOUR ACCOUNT, PLEASE INCLUDE BOTTOM PORTION WITH YOUR PAYMENT.

4615 Dundas Drive, Suite 102
Greensboro NC 27407

35

PHONE: 1-877-251-3780

IF PAYING BY VISA, OR MASTERCARD FILL OUT BELOW.
CHECK CARD USING FOR PAYMENT

☐ MasterCard   ☐ VISA

| CARD NUMBER | AMOUNT | EXP DATE |
| CARD HOLDER NAME | | ACCOUNT NUMBER |
| SIGNATURE | | ▉7843 |
| | | CURRENT BALANCE |
| | | $1,695.40 |

JACKSON B SHELDON

Source Receivables Management
P.O. Box 4068
Greensboro, NC 27404-4068

2450KD
SRM.wfd
548233 00008731
1 of 1

